JAMES LIMBIRD, Respondent, v. JACOB BOOK et al., Appellants.

Kansas City Court of Appeals, April 23, 1888.

PRACTICE—PLEADING—FILING OF AMENDED PLEADINGS—NOTICE—CONSTRUCTION OF SECTION 3555, REVISED STATUTES.—The practice act (Rev. Stat., sec. 3555) provides that "the party filing any replication, answer, or amended pleading, or supplemental pleading, in vacation, shall give written notice of the time of filing the same to the adverse party, or his attorney ; and until such notice is duly served such adverse party shall not be deemed to have had notice thereof for the purpose of pleading." *Held*, that this provision applies to a pleading filed and not to one to be filed ; that when the pleading has been filed in vacation, then the party filing shall give the adverse party notice of the fact ; it does not contemplate notifying the other party of a mere intention to file such pleading at some future day.

APPEAL from Buchanan Circuit Court, HON. OLIVER M. SPENCER, Judge.

*Reversed and remanded with directions.*

The case is stated in the opinion.

I. R. Knowles, for the appellant.

I. The only pleading on the part of the defendants is by demurrer or answer. Rev. Stat., sec. 3513. The defendants were not in default, and were not required to plead further until their motion was delivered by the court. Rev. Stat., sec. 3518.

II. Amendments to pleadings can only be made by permission of the court, and on such terms as the court may prescribe. Rev. Stat., sec. 3518. There is no authority in the practice act authorizing the action of the plaintiff in filing his amended petition, and afterward in taking judgment, as was done in this case. And the same is without precedent in the state. When a petition, answer, or reply shall be adjudged insufficient in whole or in part upon demurrer, or the whole or some part thereof stricken out on motion, the proper party may file a further like pleading within such time as the court shall direct. Rev. Stat., sec. 3538. And this is the only way by which amended pleadings can be placed on the record.

III. The party filing any replication, answer, or amended or supplemental pleading in vacation, shall give written notice of the time of filing the same to adverse party or his attorney; and until such notice is duly served, such adverse party shall not be deemed to have had notice thereof for the purpose of pleading. Rev. Stat., sec. 3555. If the adverse party or his attorney shall indorse on the notice his acknowledgment of the service thereof, and subscribe the same, it shall be deemed a sufficient service. Rev. Stat., sec. 3509. If there was any service, it was by authority of this statute. There was no acknowledgment of service whatever. Simply acknowledging a receipt of a letter, enclosing amended petition, is in no sense endorsing on the notice his acknowledgment of service, as is required

by the statute; in fact, there was no service at all. The record shows no service of the amended petition. The requirements of the statute in the services of notice, etc., must be strictly complied with.

IV. Section 3555 requires the amended petition to be filed and afterward notice given of the time of filing same. It is not sufficient to give notice when the amended pleadings will be filed.

V. There was no copy of the items composing the account served upon the defendants at the commencement of the action, or at any other time, as provided by section 3681, Revised Statutes, as amended in Laws of 1883, page 125. Final judgment could not have been rendered without proof as to the correctness of the account. 22 Mo. App. 540. And this is true without regard to the population of the county. No one can be considered as admitting the account to be due unless personally served. 64 Mo. 260; 34 Mo. 328; 53 Mo. 579; 58 Mo. 247.

VI. Judgments obtained by fraud are void. 20 Mo. 494. The action of the plaintiff in this case was insincere.

VII. When the circumstances indicate no want of good faith on the part of defendant, and no inconvenience to plaintiff is likely to arise from it, the defendant should be allowed a hearing. 67 Mo. 252; 63 Mo. 588.

HUSTON & PARRISH, for the respondent.

I. The appeal should be dismissed because no abstract of the record has been filed by appellants as required by the rules of this court. *Foster v. Trimble*, 18 Mo. App. 394; *Moise v. Colcher*, 18 Mo. App. 693; *Goodson v. Railroad*, 23 Mo. App. 76; *State v. Whitten*, 23 Mo. App. 450; *Hughes v. Vanstone*, 24 Mo. App. 637; *Riorden v. Blenke*, 24 Mo. App. 357; *Woodward v. Hodge*, 24 Mo. App. 677.

II. Not one of the appellants' points is supported by the record. The motion to set aside the judgment was addressed to the discretion of the lower court, and

this court will not review its action unless clearly abused. *Faber v. Bruner*, 13 Mo. 541; *Wageman v. Jordan*, 19 Mo. 503; *Dalin v. Mowry*, 49 Mo. 164; *Webster v. McMahon*, 13 Mo. 582; *Eidemiller v. Kunz*, 61 Mo. 340.

III. Even were this court disposed to review the discretionary action of the lower court, yet it could not be done in this case, as no notice of the motion to set aside the judgment was served on respondent, and such motion was not filed until eleven days after final judgment was rendered. *Parker v. Johnson*, 22 Mo. App. 516, 519; *Griffin v. Veil*, 56 Mo. 310; *State to use v. Claudius*, 3 Mo. App. 561; *Cowan v. Bircher*, 5 Mo. App. 77.

IV. The appeal is without merit, and upon the whole record the judgment is for the right party, and should be affirmed with ten per cent. damages. *Taylor v. Scott*, 26 Mo. App. 252; *Osborne v. Oliver*, 23 Mo. App. 667.

Philips, P. J.—The plaintiff, an attorney, sued the defendants in the Holt circuit court to recover the sum of fifty dollars on account of a balance due for professional services rendered defendants, and sixteen dollars for money advanced for defendants.

Defendants filed answer. Thereafter the answer was withdrawn, and defendants filed motion to strike out part of the petition. The cause was then, on application of plaintiff, sent by change of venue to the Buchanan circuit court. In the vacation of that court, to-wit, on the eleventh day of August, 1887, the plaintiff by letter notified defendants' attorneys that on the twenty-fourth day of that month he would file an amended petition in the case, the said eleventh day of August, 1887, being still in the vacation of court. He also inclosed a copy of the petition he proposed to file.

The regular term of the Buchanan circuit court began on the fifth day of September, 1887. On the ninth day of September, it being the fifth day of the

term, the plaintiff took the judgment by default against defendants for want of answer. And on the next day the court set aside this judgment of default, and proceeded to render final judgment against defendants as for want of answer. The defendants thereafter, during the term, appeared and filed motion to set aside this judgment, setting up, among other grounds, certain facts tending to show that defendants' attorneys had been misled by certain correspondence had with plaintiff; that defendants' principal attorney, who filed the said answer, was absent when his answer was withdrawn, and was not aware of the fact that his associate counsel had filed said motion, and claimed that he was under the impression that the case was still at issue on the first answer; and claimed that at all events the motion was undisposed of; and that defendants had no notice of the filing of the amended petition, and that the judgment should be set aside to allow them an opportunity to plead to the amended petition. This motion was accompanied with affidavits in support, and an answer showing a meritorious defence to the plaintiff's cause of action, which they proposed to file if permitted. This motion was overruled, and defendants have appealed.

Under the view we entertain of this case it is unnecessary to discuss all the questions raised by counsel on this appeal.

If it be conceded to plaintiff that, while the cause stood at issue on the original petition and motion, he had the right in vacation, without leave of court first had thereto, to file an amended petition, he must concede that his act was subject to the provisions of section 3555, Revised Statutes. "The party filing any replication, answer or amended pleading or supplemental pleading, in vacation, shall give written notice of the time of filing the same to the adverse party, or his attorney; and until such notice is duly served, such adverse party shall not be deemed to have had notice thereof, for the purpose of pleading." Our construction of this section

is, that it applies to a pleading filed, and not to one to be filed. The party filing such pleading shall give notice of the time of filing the same. The obvious meaning of which is, that when such pleading has been filed in vacation, then the party so filing shall give the adverse party notice of the fact—the act done. It does not contemplate notifying the other party of a mere intention to file such pleading at some future day. The adversary has nothing to do with the mere declaration of an intention to do the act. That intention may, for aught he knows or cares, be afterwards abandoned. It is an amended pleading already filed he is required to take notice of and plead to. Why notify him in advance of a mere purpose to do an act in the future when he would have no right to appear before the clerk in vacation to resist it, and the clerk would have no power to hear or pass upon any contention that might arise over it. Until notice of the fact that such pleading has been filed has been given to the defendants they were not required to plead thereto. The judgment, for want of answer, therefore, was premature, and the same should have been set aside.

The judgment of the circuit court is accordingly reversed, and the cause remanded, with leave to defendants to plead to the amended petition, as they offered to do. All concur.